[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 30, 1996
This is a suit against a landlord based on injuries allegedly suffered by minor plaintiffs due to lead paint poisoning. The motion to strike directed at the first count asserts that it makes a claim of strict liability in violation of the holding inGore v. People's Savings Bank, 235 Conn. 360 (1995). The plaintiff counters that the statutes are referenced only for the purposes of making a negligence per se claim which Gore
permitted, id. pp. 380-82. If the count is to be fairly characterized as a negligence per se as opposed to a strict liability claim based on statutory violations, then there must be an allegation that the landlord had notice of the presence of lead paint, actual or constructive, id. p. 385. Failure to make such an allegation turns a complaint relying on the lead paint statutes into a strict liability claim and thus not sustainable.id. p. 388, or from another perspective renders a negligence per se claim defective since it does not allege notice. The Court CT Page 5586 must give the complaint the benefit of the most favorable inference. Amodio v. Cunningham, 182 Conn. 80, 82 (1980). Here the plaintiffs conceded no strict liability claim is intended and do assert in paragraph 6 that the defendant "failed to properly delead (the premises) before or during the time" the plaintiffs and her children moved into the apartment in violation of various statutes regarding lead paint control and abatement. The Court inGore said at p. 384 that: "Ordinarily, the landlord will be chargeable with notice of conditions which existed prior to the time the tenant takes possession." On the following page the Court says "no liability ordinarily attaches for injuries stemming from the violation unless the landlord had actual or constructive notice prior to the violation." Use of this language by the Court as long as there are even minimal factual allegations of pretenancy existence of the lead paint condition insulate a pleadings such as this from a motion to strike. A fuller record must be developed to determine whether a motion for summary judgment would be appropriate. In any event, the Court will deny the motion to strike the first count.
The motion to strike is also directed against the fourth count. The count alleges that the rental of an apartment with lead paint is an abnormally dangerous activity. The defendant counters that the rental of an apartment containing lead based paint is not, as a matter of law, an abnormally dangerous activity. The defendant cites LeBlanc v. Munger, 2 Conn.Ops 405 (1996), and Gutierrez v. Jefferson Street Medical Building, 12 CONN. L. RPTR. 472 (1994), for this position. The defendant further maintains our appellate courts have limited ultrahazardous activity to blasting and pile driving, citingGreen v. Ensign-Bickford Co., 25 Conn. App. 479, 483 (1991).
There may be a case not involving blasting or pile driving where strict liability for abnormally dangerous activities will be imposed. The important test which our appellate courts have in effect adopted is set out in Section 520 Restatement (Second) Torts — so far the doctrine has been applied only to the above referenced activities but the Restatement criteria are not necessarily so confined.
The plaintiff argues for imposition of liability on this theory based on the fact that Regulation Section 19a-111-2(a) promulgated by the Commissioner of Public Health pursuant to Section 19a-111c of the general statutes requires that abatement of all defective lead-based surfaces in the dwelling unit's CT Page 5587 common areas and exterior surfaces if a child under the age of six resides in the dwelling. This obligation is imposed on owners regardless of whether the child has been lead poisoned ". . . thus, Section 19a-111-2(a) of the regulations demonstrates that a dwelling unit containing defective lead paint poses an unavoidable risk of causing harm to a minor child," page 8 of brief. The plaintiff then refers to the following language fromStarkel v. Edward Balf Co. 142 Conn. 336, 341 (1955) (a blasting case).
 An individual who, to attain a lawful objective uses an intrinsically dangerous means in such a way as necessarily or obviously to expose the person of another to the danger of probable injury is liable if such injury results; even though he (sic) exercises all proper care.
There are two basic problems with the plaintiff's position. For one thing, why should administrative regulations of state agencies ipso facto be allowed to dictate to common law courts what in fact is abnormally or not abnormally dangerous activity or what substance or activity presents an abnormal risk to others?
Even more fundamentally the necessary allegations are not made to support this claim under the criteria set forth in the Restatement which in turn have been cited with approval in our cases. See e.g. Green v. Ensign-Bickford Co., 25 Conn. App. 479,485 (1991). A necessary requirement of the Restatement test is set forth in Comment (f) to § 520 "(c) inability to eliminate the risk by the exercise of reasonable care." This is an elementary requirement for an abnormally dangerous activity tort since the draconian imposition of strict liability is not warranted if the activity is such that its risk could be avoided by reasonable care. The only reason strict liability is imposed is because the courts have determined the activity is socially desirable but there is no way to eliminate the risk so costs are imposed to compensate a person who has been injured as a price of engaging in that activity. Users of the activity will pay and thus costs are spread. But if a risk can be avoided then liability is imposed only if a particular party through his/her or its fault does not take steps to avoid the risk; that is considered a fair enough warning to all actors engaging in the same or similar activity and a sufficient means to control such activity from society's point of view. In other words ordinary CT Page 5588 fault principles apply and it is not necessary or, from this perspective, fair to impose strict liability on all people engaged in the particular activity. The plaintiffs themselves point out that the regulations require abatement of the dangerous condition — thus the risk can be removed and there is no basis to impose strict liability.
The motion to strike the fourth count is granted.
TOBIN, J.